**KENTUCKY CENTRAL LIFE INSURANCE COMPANY, a corporation, Plaintiff,**

v.

**Rhonda WEBSTER, as Executrix of the Estate of Rodger C. Sanders, Deceased, and the Estate of Rodger C. Sanders, Defendants.**

Civ. A. No. 85–C–3207–S.

United States District Court,
N.D. Alabama, S.D.

Dec. 30, 1986.

Robert G. Tate, Susan J. Leeds, Burr & Forman, Birmingham, Ala., for plaintiff.

Alva C. Caine, Hare, Wynn, Newell & Newton, Birmingham, Ala., for defendants.

CLEMON, District Judge.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. The Court has jurisdiction of this cause by reason of the amounts in controversy and the admitted diversity of citizenship of the parties. 28 U.S.C. § 1332.

2. On September 16, 1984, Rodger C. Sanders ("decedent") made written application to plaintiff Kentucky Central Life Insurance Company ("Kentucky Central") for a policy of life insurance in the amount of $100,000.

3. At the time the application was completed, decedent was a single, 33-year-old bank examiner.

4. The application was completed at decedent's home in the presence of Kentucky Central's agent, Christopher Farrow.

5. Decedent did not display any external signs of ill health at the time of his application.

6. The application form, drafted by Kentucky Central, asked the following questions, among others:

29. HAVE YOU EVER HAD OR BEEN TREATED FOR:

\* \* \* \* \* \*

g. liver or gallbladder disorder, chronic indigestion, or chronic diarrhea?

\* \* \* \* \* \*

j. diabetes, cancer, syphillis, or turberculosis?

\* \* \* \* \* \*

o. tumor, abscess, cyst, or growth of any kind?

\* \* \* \* \* \*

30. Have you:

\* \* \* \* \* \*

c. had any x-ray, EKG, or other medical test within last 5 years?

\* \* \* \* \* \*

31. Have you had any health examinations or checkups in the past three years? If "yes" answer a, b, and c, and give DOCTOR'S name.
a. What symptoms prompted the examination?
b. What did your doctor tell you about his diagnosis or findings?
c. What did your doctor prescribe or recommend?

7. To each of the questions listed above, the decedent answered in the negative.

8. By its terms, the Kentucky Central policy did not "take effect unless and until (a) a policy has been issued, (b) the full first premium thereon paid, and (c) the policy is delivered to the Policyholder while the health condition of each Proposed Insured and the other factors affecting insurability, are as stated in the application."

9. Decedent duly paid all premiums due under the policy until the time of his death.

10. Kentucky Central did not conduct an investigation of decedent's medical history or condition prior to issuing its policy to him.

11. At the time decedent completed his application, he had not had or been treated for any of the following: liver or gallbladder disorder, chronic indigestion, chronic diarrhea, diabetes, cancer, syphillis, tuberculosis, or tumor.

12. At the time he completed his application, decedent had had and been treated for various kinds of growths.

13. At the time he completed his application, decedent had various medical tests within the preceding five years.

14. At the time he completed his application, decedent had had seven health ex-

aminations within the preceding three years.

15. The medical conditions for which decedent had received treatment in the preceding five years were basically growths and other dermatological infections, eruptions or inflammations in various parts of his body. All of these conditions had been successfully treated with medication or by outpatient surgery. Though decedent had complained of a possible syphillitic exposure in July, 1984, the medical tests were negative for syphillis.

16. If decedent had answered Questions 29(g), 29(j), 29(o), 30(c), and 31, in the affirmative and provided explanations therefor, and if he had fully and completely provided all of the information elicited by Questions 31(a), 31(b), and 31(c), Kentucky Central would nonetheless have issued the policy at the standard rate, without further investigation.

17. If Kentucky Central had untaken an independent investigation, upon receipt of decedent's application, it would have confirmed, through the medical records of decedent in the files of Dr. Robert N. Pritchett and Dr. Joseph G. Hughes, that decedent's medical history and records did not warrant a denial of the requested policy at the standard rate.

18. On September 2, 1984, decedent consulted with and was examined by his dermatologist, Dr. Pritchett. Lesions had developed on decedent's right ear, legs, and lower body. Three days later, on the request of Dr. Pritchett, decedent returned to the doctor's office for a biopsy. On the same date, Kentucky Central issued its policy.

19. On September 28, 1984, Kentucky Central's agent delivered the policy to decedent.

20. At the time of the delivery of the policy, plaintiff's health condition remained the same as it was when the decedent completed the application.

21. On October 4, 1984, plaintiff was informed that the biopsy revealed the presence of Kaposi's sarcoma—a disease associated in younger males with Acquired Immune Deficiency Syndrome ("AIDS")—an incurable disease.

22. Decedent died on August 2, 1985, despite extensive treatment for his condition.

23. On the date of the application and the date of delivery of the policy, decedent did not know that he was facing a life-threatening condition.

24. The insurance policy issued to decedent by Kentucky Central did not contain a sound health provision requiring decedent to notify Kentucky Central if his health condition changed between the date of the application and the date of delivery of the policy.

25. The incorrect statements made by decedent in his application were not material to acceptance of the risk assumed by Kentucky Central.

26. If the true facts had been made known to Kentucky Central by decedent in his application, it would have issued the policy at the standard rate.

27. Defendants Rhonda Webster, as executrix of the estate of decedent, and the Estate of Rodger C. Sanders are entitled to recover of plaintiff Kentucky Central Life Insurance Company the face amount of the policy—$100,000.00, with interest thereon.

By separate order judgment shall be entered in favor of defendant.